Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 5394 | **DATE** | 8/1/2001 |
| **CASE TITLE** | Lafreniere vs. Indiana Harbor Belt | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendant IHB's Motion for Summary Judgment (doc. #48) & Third-Party Defendant's Motions for Summary Judgment (doc. #'s 43 & 53)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Defendant IHB's Motion for Summary Judgment (doc. #48) is GRANTED in part and DENIED in part. Plaintiff's claims that IHB failed to provide sufficient personnel is dismissed, all other claims remain. Third-Party Defendants Kerr-McGee and Conrail's Motions for Summary Judgment (doc. #'s 43 & 53) are DENIED.** Status hearing set for 8/22/01 at 9:15 a.m. to set pretrial order submission and trial schedule.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| JHC | courtroom deputy's initials |

number of notices

AUG 0 6 2001 — date docketed

ED-7 FILED FOR DOCKETING
01 AUG -5 AM 1:51

AUG 0 6 2001 — date mailed notice

Date/time received in central Clerk's Office

Document Number: 65

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES D. LaFRENIERE,<br>Plaintiff,<br><br>v.<br><br>INDIANA HARBOR BELT RAILROAD,<br>Defendant.<br>INDIANA HARBOR BELT RAILROAD,<br>Third Party Plaintiff,<br>v.<br>KERR-McGEE CHEMICAL CORP., &<br>CONSOLIDATED RAIL CORP.<br>Third Party Defendants. | CAUSE NO. 97C5394<br><br>JUDGE WILLIAM J. HIBBLER |

## MEMORANDUM AND OPINION

Plaintiff, James D. LaFreniere, brought action in this Court against Defendant Indiana Harbor Belt Railroad Company ("IHB") alleging that he injured his leg while working for IHB and IHB was negligent in failing to provide him with a safe working environment. IHB then filed third-party actions against Kerr-McGee Chemical Corporation ("Kerr-McGee") and Consolidated Rail Corporation ("Conrail") for contribution based on negligence. This Court now has before it, Defendant IHB and Third-Party Defendants Conrail and Kerr-McGee's Motions for Summary Judgment. Defendant IHB filed its Motion for Summary Judgment (doc. #48) against Plaintiff claiming that it was not negligent with regard to Plaintiff's injury. Third-Party Defendants Conrail and Kerr-McGee filed Motions for Summary Judgment (doc. #'s 43 & 53) against Defendant IHB alleging that IHB cannot prove any negligence on their parts in connection with Plaintiff's injury. IHB failed to file a response to Conrail and Kerr-McGee's Motions for Summary Judgment.



1


AUG 0 6 2001

## BACKGROUND

Plaintiff was a conductor for IHB. On August 15, 1994, Plaintiff was assigned to work in the "hump" area of IHB's Blue Island Yard.[1] IHB employees, known as car retarder operators, slow the cars coming down the hump to keep them from crashing into other cars with too much force. At the IHB Blue Island Yard, car retarder operators observe the cars from a hump tower that is four stories high. From their hump towers, car retarder operators can observe which cars are subject to damage, and they order a brakeman to hop on those cars to see that there is no impact.

Plaintiff was assigned to Track 19 to look for cars that had gone onto the wrong tracks and to rectify any other problems he found. When Plaintiff was working on Track 19, he observed a car on Track 22 that had railroad ties falling out of it. Plaintiff knew that the ties created an unsafe condition and asked his supervisor to take Track 22 out of service. Plaintiff pushed one of the ties and it fell to its side. Plaintiff then pushed a second tie and it bounced up and struck Plaintiff on his left leg and foot causing injury.

Kerr-McGee had loaded the ties into the car at its plant in Indianapolis, Indiana. Conrail then hauled the car into IHB's classification yard in Riverdale, Illinois. Conrail delivered the car to IHB on August 13, 1994 and it remained in the sole possession and control of IHB until the accident.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper " if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ.

---

[1] "Humping" is a switching operation, in which a car is pushed up a grade and then permitted to run free downgrade to the desired spot, without propulsion except for gravity. *Shipley v. Southern Pacific Co.*, 193 N.E.2d 862, 863 (Ill. App. Ct. 1963).

P. 56(c). In a motion for summary judgment, the moving party has the burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Should the moving party meet its burden, then the non-moving party has the burden of setting forth specific facts that demonstrate the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322. Under Rule 56, summary judgment must be entered against a party " who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Id.* A genuine issue of material fact exists for trial when, in viewing the record and all reasonable inferences drawn from it in a light most favorable to the non-movant, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As a general rule, a scintilla of evidence in support of the non-movant's position is not sufficient to successfully oppose a summary judgment motion; "there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 250.

FELA provides a federal tort remedy to railroad employees who are injured on the job. *Williams v. National Railroad Passenger Corp.*, 161 F.3d 1059, 1061 (7th Cir. 1998); *Kulavic v. Chicago & Illinois Midland Ry. Co.*, 1 F.3d 507, 512 (7th Cir. 1993)(citing *Atchison, Topeka & Sante Fe Ry. v. Buell*, 480 U.S. 557, 561 (1987)). Under FELA, plaintiffs must prove negligence on the part of their employer, however, the negligence standard is relaxed in FELA cases such that a plaintiff need only produce evidence which demonstrates that the "employer's negligence played any part, even the slightest, in producing the injury." *Consolidated Rail Corp. v. Gottschall*, 512 U.S. 532, 543 919940 (citations and quotations omitted). Accordingly, FELA plaintiffs carry a lighter burden than in an ordinary negligence claim, *Harbin v. Burlington Northern Ry. Co.*, 921 F.2d 129,

3

132 (7th Cir. 1990), in that FELA is liberally construed in their favor. *Buell*, 480 U.S. at 562.

As a result of FELA's "pro-plaintiff slant" plaintiffs have a more lenient standard for defeating summary judgment motions. *Harbin*, 921 F.2d at 131. Under FELA, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." *Rogers v. Missouri Pacific Ry. Co.*, 352 U.S. 500, 507 (1957). Even where the employee was "almost totally contributorily negligent," evidence of negligence by the employer is sufficient to produce a triable issue.[2] *Wilson v. Chicago, Milwaukee, St. Paul, & Pacific Ry. Co.*, 841 F.2d 1347, 1353 (7th Cir. 1988). Because the plaintiff has a lower burden of proof, he can more easily survive a motion for summary judgment. *Lisek v. Norfolk & Western Ry. Co*, 30 F.3d 823, 831 (7th Cir. 1994).

All this being true, a plaintiff who brings a FELA claim "who fails to produce even the slightest evidence of negligence" should not be permitted to go to trial. *Williams*, 161 F.3d at 1061-62. "In other words, a plaintiff who brings a successful claim under FELA must establish that the defendant breached its duty by demonstrating that 'a reasonable person would foresee [the alleged circumstances] as creating a potential burden for harm.'" *Kossman v. Northeast Ill. Regional Commuter R.R.*, 211 F.3d 1031, 1036 (7th Cir. 2000) (quoting *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 300 (7th Cir. 1996)). Specifically, a FELA plaintiff must offer evidence proving the common law elements of negligence: foreseeability, duty, breach, and causation. *Fulk v. Illinois Central Ry. Co*, 22 F.3d 120, 124 (7th Cir. 1994).

---

[2] "[T]he fact that the employee may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminshed by the jury in proportion to the amount of negligence attributable to such employee...." 45 U.S.C. § 53.

4

## ANALYSIS

A. Conrail and Kerr-McGee's Motions for Summary Judgment

Kerr-McGee and Conrail have filed motions for summary judgment against IHB. Both Kerr-McGee and Conrail claim that IHB cannot establish facts showing that there was any negligence on their parts. Alternatively, Kerr-McGee and Conrail argue that assuming that they were negligent, their negligence was merely a condition rather than the cause of Plaintiff' injury. IHB has failed to respond to these motions, therefore, IHB has conceded that Kerr-McGee and Conrail's version of the facts are true. *Day v. Northern Ind. Pub. Serv. Corp.*, 164 F.3d 382, 383-84 (7th Cir.1999); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir.1995).

Railroads sued under FELA have routinely maintained actions for contribution against third parties where those parties were in part responsible for injuries to a railroad employee. However, even though FELA governs Plaintiff's action for personal injuries against IHB, IHB's third party action for contribution arising out of FELA is governed by Illinois state law. *Matei v. Cessna Aircraft Co.*, No. 88 C 10536, 1992 WL 70323, at *4 (N.D. Ill. March 31, 1992); *Bean v. Missouri Pacific Railroad Co.*, 525 N.E.2d 1231, 1233-34 (Ill. App. Ct. 1988).

In its third-party complaint, IHB alleges negligence on Conrail and Kerr-McGee's parts and seeks contribution for their negligence. Under Illinois law, the elements of a common law action for negligence are a duty to the plaintiff; the defendant's breach of that duty; and the plaintiff's injury, which was proximately caused by the defendant's breach. *Fulk v. Illinois Central R.R. Co.*, 22 F.3d 120, 124 (7th Cir. 1994). In negligence actions, the issue of whether a duty existed is a question for the court to decide while issues of breach and proximate cause are questions of fact for the jury to resolve, "provided that there is a genuine issue of material fact regarding those issues."

5

*Mark Twain Ill. Bank v. Clinton Cnty.*, 706 N.E.2d 94, 96 (Ill. App. Ct. 1999). "The existence of a duty is an inquiry shaped by public policy, and requires [this Court] to determine whether the parties stood in such a relationship to one another that the law imposes an obligation on the defendant to act reasonably for the benefit of the plaintiff." *Calhoun v. Belt Ry. Co. of Chicago*, 731 N.E.2d 332, 336 (Ill. App. Ct. 2000) (citations omitted).

> Though the existence of a legal duty is ordinarily considered in terms of foreseeability of injury, the question of whether a legal duty exists is contingent upon a variety of factors. Considerations such as the likelihood of injury, the magnitude of the burden of guarding against the injury, and the consequences of placing that burden upon the defendant must be taken into account.

*Lee v. Chicago Transit Authority*, 605 N.E.2d 493, 501 (Ill. 1992). If no such duty existed, then the plaintiff cannot recover and the defendant is entitled to summary judgment. *Id.*

In this case, there can be no doubt that Conrail and Kerr-McGee owed IHB a duty to properly load and haul the gondola car. An injury resulting from Kerr-McGee's improper loading and Conrail's improper hauling was likely. Furthermore, the burden of guarding against injury and the consequences of placing that burden on Kerr-McGee and Conrail are small in comparison to the potential harm that could be caused by their negligence.

However, while this Court has found that a duty existed, that is not to say that Kerr-McGee and Conrail breached that duty. In this case, IHB cannot establish a preponderant case against either Kerr-McGee or Conrail by showing merely that it has been injured by the negligence of one or the other. *Hutchcraft v. Independent Mech. Ind.*, 726 N.E.2d 1171, (Ill. App. Ct. 2000). Questions concerning breach of duty and proximate cause are factual issues best left for a jury. *Lee*, 605 N.E.2d at 502 (citations omitted). "The term 'proximate cause' describes two distinct requirements: cause in fact and legal cause, which is a policy decision that limits how far a defendant's legal

responsibility should be extended for conduct that, in fact caused the harm." *Id.* "Cause in fact can only be established when there is a reasonable certainty that a defendant's acts caused the injury or damage," as a result of conduct which was a material element and substantial factor of the injury. *Id.* "Legal cause 'is essentially a question of foreseeablilty: a negligent act is a proximate cause of an injury if the injury is of a type which a reasonable man would see as a likely result of his conduct.'" *Id.* at 503 (citing *Masotti v. Console*, 552 N.E.2d 1292). In other words, an injury cannot be found to be within the scope of Kerr-McGee and Conrail's duty "if it appears 'highly extraordinary' that the breach of the duty should have caused the particular injury." *Id.* It is incumbent upon IHB to provide the jury with more than a scintilla of evidence as to whether the gondola car was negligently loaded and the condition of its contents when it was delivered to the Blue Island Yard. *Wadiak v. Illinois Cent. RR. Co.*, 208 F.2d 925, 928 (7th Cir. 1953).

Accordingly, Kerr-McGee and Conrail's Motions for Summary Judgment are **DENIED** in that this Court finds that a duty existed on their parts. However, the issues of breach and proximate cause are viable questions for the jury.

### B. Indiana Harbor Belt's Motion for Summary Judgment

IHB claims that Plaintiff cannot establish that the injury to his leg was caused by any negligence on its part and therefore, summary judgment should be granted in its favor. Plaintiff counters that IHB failed its duty to provide him with a reasonably safe work environment. Plaintiff alleges that the danger associated with a shifted load was foreseeable to IHB, and furthermore, had IHB maintained a safe working environment, Plaintiff would not have been injured.

The purpose of FELA is to provide broad remedial measures for railroad employees. *Lisek*, 30 F.3d at 831. Under FELA, "[e]very common carrier by railroad ... shall be liable in damages to

7

any person suffering injury while he is employed ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier." 45 U.S.C. § 51. Under FELA, a railroad employer has a duty to provide its employees with a reasonably safe workplace and safe equipment. *Shenker v. Baltimore & Ohio R.R. Co.*, 374 U.S. 1, 7 (1963). The evidence required to establish liability in a FELA action is less than that required in an ordinary negligence action. *Harbin v. Burlington N. R.R. Co.*, 921 F.2d 129, 131-32 (7th Cir. 1990). The common law standard of proximate cause is not applicable to FELA. *Crane v. Cedar Rapids & Iowa R.R. Co.*, 395 U.S. 164, 166 (1969). Therefore, all that is required of a FELA plaintiff is to demonstrate that its employer's negligence played any part, even the slightest, in producing his injury. *Rogers v. Missouri Pac. R.R. Co.*, 352 U.S. 500, 506 (1957). To establish a breach of duty, the employee must show that the employer failed to act as a reasonable and prudent person would ordinarily act under the circumstances. *Tiller v. Atlantic Coast Line R.R. Co.*, 318 U.S. 54, 67 (1943). However, liability is limited to hazards which the employer could have reasonably foreseen. *Gallick v. Baltimore & Ohio R.R. Co.*, 372 U.S. 108, 117 (1963); *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 301 (7th Cir. 1996).

In his complaint, Plaintiff claims that IHB was negligent in failing to provide him with a safe working environment in violation of FELA. Specifically, Plaintiff asserts that IHB (1) failed to safely load railroad ties into its rail cars; (2) spilled railroad ties onto its tracks; (3) permitted overloaded cars to be used in its railyard; (4) failed to enact a policy which prohibits improperly loaded rail cars from being used; (5) failed to adopt and implement a safe procedure for removing spilled railroad ties; (6) failed to provide sufficient personnel; (7) failed to provide sufficient equipment; and (8) failed to exercise ordinary care. IHB claims that nothing in the record establishes

8

that Plaintiff's injury resulted from any negligence, defect, or insufficiency on IHB's part. IHB asserts that because Plaintiff does not know how the railroad ties came to be on the ground he cannot point to any act on IHB's part which caused his injury. However, IHB misses the point. Plaintiff can meet his burden under FELA by establishing any negligence, even a slight amount on IHB's part. There can be no doubt that the railroad ties had spilled out of the gondola car. How, when, or why this came to pass is not the issue, what is readily apparent is that railroad ties should not fall out of gondola cars period. In light of the facts before this Court, it is clear that IHB was at least slightly negligent in allowing the railroad ties to spill from the gondola car. Slight negligence is all that is required under a FELA negligence claim.

IHB also claims that because Plaintiff was the first person to see the railroad ties on the ground, it had no reasonable way of knowing that the hazard existed. Furthermore, IHB asserts that Plaintiff was not trained in the handling of railroad ties and that machinery was available to move railroad ties. Finally, IHB argues that Plaintiff cannot support his insufficient manpower claim. First, Plaintiff has offered deposition testimony that both a hump tower and a car retarder tower are located on the Blue Island Yard.[3] These towers are both four stories high and have the opportunity to observe the tops of cars and gauge any dangerous conditions which exist. Additionally, Plaintiff was assigned to work the hump yard on the day of his injury. A hump yardmaster is assigned to the hump yard; his duties include supervising the doubling and departure of trains, supervising the men and engines under his control, and classifying cars to their respective tracks. (Conrail's Ex. 7 at 17-18). Therefore, a genuine issue of fact exists as to whether IHB had an opportunity to observe the

---

3 A hump tower is a four story tower where the tops of railroad cars can be observed. A person stationed in the hump tower has the obligation of observing if anything has shifted off the end of a railroad car. (Conrail's Ex. 7 at 11). The car retarder operator is also located at the top of a four story tower and it is the car retarder's duty to slow rail cars down. (Conrail's Ex. 7 at 8-9).

9

spilled rail ties. Not only were there two towers to observe dangerous conditions, but presumably, Plaintiff was being supervised by his yardmaster who could have been negligent in failing to observe the spilled ties. Also, while Plaintiff does not refute the fact that he was not trained to remove fallen rail ties, he does argue that by moving the rail tie, he was complying with IHB's safety rules. While this Court finds that argument to be weak, the fact remains that "even where the employee was 'almost totally contributorily negligent,' evidence of negligence by the employer is sufficient to produce a triable issue." *Wilson*, 841 F.2d at 1353. In this case, Plaintiff's removal of the railroad tie is not a bar to his claim, rather it is a set-off against his potential damages. Finally, Plaintiff fails to explain how having more personnel would have prevented his injury, especially in light of the fact that he failed to ask for assistance in removing the rail tie. Where a plaintiff "presents no evidence whatsoever to support the inference of negligence, the railroad's summary judgment motion is properly granted." *Lisek*, 30 F.3d at 832. Accordingly, IHB's motion for summary judgment is **DENIED in part** and **GRANTED in part.** Plaintiff's claim that IHB failed to provide sufficient personnel to remove the spilled railroad ties from the tracks is **dismissed**, all other claims survive the motion for summary judgment.

## CONCLUSION

Defendant IHB's Motion for Summary Judgment (doc. #48) is **DENIED in part** and **GRANTED in part.** Third-party Defendants Conrail and Kerr-McGee's Motions for Summary Judgment (doc. #'s 43 & 53) are **DENIED.**

**IT IS SO ORDERED.**
DATED: August 1, 2001

WILLIAM J. HIBBLER, DISTRICT JUDGE